## In re ACKERMAN.
### Patent Appeal No. 3194.

Court of Customs and Patent Appeals.
June 12, 1934.

Morrison, Kennedy & Campbell, of New York City (Luther E. Morrison, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, Nos. 1 to 20, inclusive, in appellant's application for a patent for an alleged invention relating to improvements in a machine for producing perforated tapes "adapted to control the release of matrices and spacers of typographical composing machines, such as linotype machines."

Claims 1, 10, and 16 are illustrative. They read:

"1. In a machine for producing a perforated tape adapted to control the release of matrices and spacers of a typographical composing machine, the combinations of a tape perforating apparatus, means for feeding the tape therethru, a keyboard controlling the operation of the perforating apparatus and adapted to produce in the tape a series of symbols representative of a line of matrices and spacers to be released by the tape, a set of indicators varying in thickness to correspond to the matrices and spacers of said typographical composing machine, and means actuated by the keyboard for composing in line, one at a time as each symbol is produced in the tape, a series of indicators corresponding in thickness to the matrices and spacers represented by said symbols; whereby the operator may determine with accuracy the number of symbols which should be made in the tape to compose a line of matrices and spacers of a given length.

"10. A perforating machine including, in combination, a perforating mechanism, a composing mechanism, and a single keyboard for operating both of said mechanisms simultaneously.

"16. A perforating machine including, in combination, a tape perforating mechanism for producing a series of symbols representative of a line of characters to be reproduced by the tape, a keyboard controlling the operation of said perforated apparatus, a magazine containing a set of typographical elements, escapements controlling the release of said elements from the magazine, a series of escapement actuating reeds, power-operated devices for actuating the reeds, a correspond-

ing series of trip dogs for controlling the operation of the reeds, spring-actuated slides for actuating the trip dogs, and intermediate devices operable automatically and controlled by the actuation of the various finger keys of the keyboard for releasing the slides to actuate the trip dogs, and for locking them in their inactive position against the tension of their actuating springs."

The references are: Nicholas et al. 964,-678, July 19, 1910; Wolters et al. 1,608,012, November 23, 1926.

The patent to Nicholas et al. relates to a type-composing machine. It discloses a keyboard, an indicator, which includes, among other things, a dial and a pointer, and a set of punches. The tape perforators or punches are operated directly from the keyboard. "The keys simultaneously actuate the punches and register on the indicator the length of line set up."

The patent to Wolters et al. discloses a linotype machine having a magazine operated by a keyboard. Matrices are dropped on an inclined belt and assembled in a "collector." "The length of line can be varied and pointers indicate the length set on a scale. * * * When a line is completed it is fed to the usual elevator and redistributing mechanism." Lugs or notches on the matrices actuate the perforating mechanism by "sensing feelers." "The notches are arranged in code combination to actuate punches which perforate a code that may be sensed in a type-casting machine."

Appellant's device consists of a perforating mechanism, a composing mechanism, and, as stated in claim 10, a keyboard for operating "both of said mechanisms simultaneously." All of the appealed claims, except 5 and 13 to 16, inclusive, were rejected by the tribunals of the Patent Office on the ground that it did not involve invention to "substitute in the modern linotype of Wolters et al. the electrical punch means of Nicholas et al."

Claims 5 and 13 to 16, inclusive, were rejected on the ground that they did not define a true combination, but rather an aggregation, of parts.

With reference to claims 1 to 4, inclusive, 6 to 12, inclusive, and 17 to 20, inclusive, the Board of Appeals, among other things, said:

"The machine of Wolters et al. anticipates applicant's machine to the extent that it has the same or any desired capacity to handle a wide range of sizes of type. The two machines are alike in that they operate on blanks or indicators imitating type in size and utilize them to measure off lines. They differ in the way in which the measured lines are transferred in code to the tape. Every condition of the appealed claims 1 to 4, 6 to 12 and 17 to 20 is satisfied by broadly associating the perforating mechanism of Nicholas et al. with the keyboard and line assembling means of Wolters et al. This requires no more than disconnecting the Nicholas et al. perforator from the Nicholas et al. keyboard and connecting it in the same way in the Wolters et al. machine. The operator would then observe the line asembling [assembling] element of Wolters et al. instead of the dial of the Nicholas et al. meter. This alteration or substitution does not accomplish any new unobvious result. In the above association the Wolters et al. perforating mechanism could continue to operate if desired or be disconnected. In either case the Nicholas et al. perforating attachment would work in the way it was intended and produce the same result as applicant's perforator. Such broad association of these known features is not believed to constitute patentable merit."

With reference to claims 5 and 13 to 16, inclusive, the board stated:

"Claims 5 and 13 to 16 have been rejected on the ground of aggregation. This relates to the specific mechanism for operating the matrix or blank feeding elements, and appears to be, as noted by the Examiner, purely an improvement relating to details of conventional composing or linotype machines. These details appear to be altogether independent of the above-discussed combination of a composing machine and tape-perforating mechanism. We agree with the Examiner's conclusion that this detail is merely aggregative in this relation and should be claimed as a separate subject of improvement. The Examiner, however, points out that the details of it read fairly upon the mechanism of Wolters et al. and would not constitute patentable matter."

It is conceded by counsel for appellant that the patent to Wolters et al. discloses, in combination, the three elements defined in the appealed claims. It is contended, however, that those elements are combined in an altogether different way in the Wolters et al. patent; that is, the patentee's "keyboard operates only the composing mechanism by which the circulating elements are set up in line, and the tape perforating mechanism is operated, not by the keyboard, but by the circulating elements thus composed in line," whereas in appellant's machine the perforating mechanism and the composing mechanism are both operated simultaneously by the keyboard; that appellant's combination is broad-

ly new; and that, as it is neither anticipated nor suggested by either of the references, it involves invention and is patentable.

Appellant points out in his specification that his combined perforating and composing machine, made up of three units, to wit, a perforating mechanism, a composing mechanism, and a keyboard for operating the perforating and composing mechanisms simultaneously, "may be of any well known or approved construction so long as they [the units] are combined in such manner that the composing operations take place simultaneously with the perforating operations."

We have carefully considered the arguments of counsel for appellant in connection with the clear and comprehensive discussion of the issues by the Primary Examiner and by the Board of Appeals, and have reached the conclusion that the tribunals of the Patent Office were right in holding that it did not involve invention to combine the two references so as to simultaneously operate the perforating mechanism and the composing mechanism by a single keyboard, in the manner set forth in claims 1 to 4, inclusive, 6 to 12, inclusive, and 17 to 20, inclusive. We are also of opinion that claims 5 and 13 to 16, inclusive, are unpatentable for the reasons stated in the decisions below. See In re Henry Hueber and Erwin C. Horton, Patent Appeal No. 3291, decided May 31, 1934, 70 F.(2d) 906, 21 C. C. P. A. (Patents) ——.

The decision of the Board of Appeals is affirmed.

Affirmed.